**IN THE UNTED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **JOSEPHINE REGALADO,** ) | **No:** | |
|    Plaintiff, ) | | |
| ) | **Judge:** | |
| v. ) | | |
| ) | **Magistrate Judge:** | |
| **Chicago Police Officers T.J. HAYES, Star #7308,**) | | |
| **J.J. MESECK, Star #16664, M.G. PUTROW,** ) | | |
| **Star #9758, and the CITY OF CHICAGO** ) | | |
|    Defendants. ) | **Jury Demand** | |

## COMPLAINT

NOW COMES the PLAINTIFF, JOSEPHINE REGALADO (hereinafter referred to as "JOSIE"), by her undersigned attorneys and complains against Defendants and alleges as follows:

## INTRODUCTION

On January 25th, 2010, Defendants T.J. Hayes, J.J. Meseck, and M.G. Putrow, all City of Chicago Police Officers, falsely arrested, imprisoned, and maliciously prosecuted Josie, a full time college student and part time waitress, intentionally causing Josie emotional distress.

## JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to the following: Civil Rights Act, 42 U.S.C. § 1983, 28 U.S.C. §§ 1331 and 1343(a), supplementary jurisdiction pursuant to 28 U.S.C. § 1367(a) and the Constitution of the United States.

## VENUE

2. The action properly lies in the United States District Court, Northern District of Illinois, Eastern Division pursuant to 28 U.S.C. 1391(b)(2) as this is the judicial district in which the events giving rise to Plaintiff's claims occurred.

## PARTIES

3. The Plaintiff is a resident of the City of Lyons, State of Illinois.

4. Defendant T.J. Hayes, Star #7308, was, at the time of the occurrence, a duly appointed Chicago police officer who engaged in the conduct complained of while he was on duty and in the course and scope of his employment with the City of Chicago.

5. Defendant J.J. Meseck, Star #16664, was, at the time of the occurrence, a duly appointed Chicago police officer who engaged in the conduct complained of while he was on duty and in the course and scope of his employment with the City of Chicago.

6. Defendant M.G. Putrow, Star #9758, was, at the time of the occurrence, a duly appointed Chicago police officer who engaged in the conduct complained of while he was on duty and in the course and scope of his employment with the City of Chicago.

7. At all time material to this complaint, Defendants Hayes, Meseck and Putrow were acting under color of law of state law, ordinance, and/or regulation.  Each is sued in his individual capacity.

8. Defendant City of Chicago is a municipal corporation duly incorporated under the laws of the State of Illinois and was the employer and principal of Defendants Hayes, Meseck and Putrow at all times relevant to this lawsuit.

## FACTS

9. Josie resided at 4619 Warsaw Ave., Lyons, Illinois at all relevant times germane to this Complaint, including January 25th, 2010.

10. Josie attended college at all relevant times germane to this Complaint, including January 25th, 2010.

11. Josie was employed at all relevant times germane to this Complaint, including January 25th, 2010.

12. On January 25th, 2010 and prior to the incident forming the basis of this Complaint, Josie was in a romantic relationship with Joseph Ramirez who resided at a third floor apartment located at 3502 S. Halsted, Chicago, Illinois; as such, Josie occasionally slept overnight at Joseph Ramirez's home, including the night and morning of January 24th and 25th, 2010, respectively.

13. On the morning of January 25th, 2010 at the aforementioned residence of Joseph Ramirez and while he was out of his home, the following occurred:

3

a. As Josie slept unclothed on a bed inside a bedroom, Defendants Hayes, Putrow, Meseck and approximately seven other Chicago police officers forced their way into the residence to execute a search warrant for Joseph Ramirez and the 3rd floor apartment at 3502 S. Halsted, Chicago, Illinois;

b. Defendants Hayes and Putrow and/or Chicago Police Officer Zattair, #14902, allegedly recovered in the bedroom a plastic bag containing a paper bag containing four clear plastic knotted bags with each knotted bag containing chunks of what was suspected to be cocaine. This substance was not in plain view of Josie, she did not and had no reason to know that it was present, and no Defendant or any other Chicago police officer ever saw it in her possession;

c. Defendant Putrow allegedly located a gun with a live round from the top of a dining room shelf. This weapon was not in plain view of Josie, she did not and had no reason to know that it was present, and no Defendant or any other Chicago police officer ever saw it in her possession;

d. Chicago Police Officer Ortoneda, #16168, allegedly located a plastic bag containing live rounds from the top of a dining room closet shelf and one plastic bag containing suspected cannabis and three plastic bags containing suspected cocaine from the top of a fireplace mantle. These recovered objects and substances were not in plain view of Josie, she did not and had no reason to know that these were present, and no Defendant or any other Chicago police officer ever saw these in her possession;

e. Chicago Police Officer Chausse, #10422, allegedly located four bags containing suspected cannabis in the refrigerator. This substance was not in plain view of Josie, she did not and had no reason to know that it was present, and no Defendant or any other Chicago police officer ever saw it in her possession;

f. Chicago Police Sergeant McInerney, #2536, allegedly recovered four documents addressed to Joseph Ramirez at the third floor apartment at 3502 S. Halsted, Chicago, Illinois. No Defendant or any other Chicago police officer recovered any documents that stated or indicated that Josie resided at the 3rd floor apartment at 3502 S. Halsted, Chicago, Illinois;

g. Defendants Hayes, Mescek and Putrow arrested or provided information that led to the arrest of Josie for violating offense 720 ILCS 570.0/402-A-2-B, possession of a controlled substance, a class one felony after allowing her to put on a shirt and pants which she retrieved from her overnight bag on the bedroom floor; then,

  h. Josie was transported to Chicago Police station Area 1 for processing.

14. Defendant Meseck attested to the facts as stated within Josie's Chicago Police Department Arrest Report dated January 25th, 2010.

15. Defendant Putrow prepared Josie's Chicago Police Department Incident Report related to the search of Joseph Ramirez's residence on January 25th, 2010.

16. Defendant Hayes signed a criminal complaint against Josie.

17. Josie's bond was set at $25,000 with a condition of home confinement from 7:00 p.m. to 7:00 a.m., seven days a week.

18. On January 26th, 2010, Josie was released from custody after posting $2,500 for bond.

19. On February 18th, 2010, Defendant Hayes testified as the sole witness at Josie's grand jury hearing.

20. Based on Defendant Hayes' testimony, the grand jury indicted Josie for committing the following offenses:

  a. Possession of a controlled substance with intent to deliver 100 – 400 grams of cocaine in violation of 720 ILCS 570/401(a)(2)(b);

  b. Possession of a controlled substance with intent to deliver 1 – 15 grams of cocaine in violation of 720 ILCS 570/401(c)(2);

  c. Possession of 30 – 500 grams of cannabis with intent to deliver in violation of 720 ILCS 550/5(d); and,

  d. Three counts of unlawful use of a weapon by a felon for knowingly possessing a firearm in violation of 720 ILCS 5/24-1.1(a).

20. A verdict was entered in favor of Josie on all charges by the Honorable Judge Linn of the Circuit Court of Cook County.

21. Defendants Hayes, Meseck and Putrow had a duty to determine whether there was probable cause to justify the arrest, imprisonment and prosecution of Josie.

22. Defendants Hayes, Meseck and Putrow knew or should have known that the arrest and imprisonment of Josie could only be made based upon probable cause if at the moment the arrest was made, a prudent person would have believed Josie had committed or was committing a crime.

23.  Nevertheless, Defendants Hayes, Meseck and Putrow arrested and imprisoned Josie despite the lack of probable cause to arrest and imprison Josie since a prudent person would not have believed that she had committed or was committing a crime for the reasons set forth above.

24.  In addition, Defendants Hayes, Meseck and Putrow directly and proximately caused the false arrest of Josie under color of law and out of malice and/or in reckless disregard of her rights through the conduct and acts set forth above.

25.  Defendants Hayes, Meseck and Putrow knew or should have known that the prosecution of Josie could only be made based upon probable cause if at the arrest and at the time of signing a complaint, a prudent officer has reason to believe a crime was committed.

26.  Nevertheless, Defendants Hayes, Meseck and Putrow caused the commencement or commenced the prosecution of Josie despite the lack of probable cause to arrest her and to bring criminal charges against her for the reasons set forth above.

27.  In addition, Defendants Hayes, Meseck, and Putrow knew or should have known that the official Chicago Police Department reports attested and reported by Defendants Meseck and Putrow would be relied upon by prosecutors to support and further the malicious prosecution of Josie.

28.  Nevertheless, Defendants Meseck and Putrow attested and reported false and incomplete statements and information in official Chicago Police Department reports claiming, *inter alia*, that Josie resided at the third floor apartment at 3502 S. Halsted, Chicago, Illinois and that she retrieved clothing from the bedroom closet in order to justify and support, falsely, the malicious prosecution of her.

29.  Furthermore, Defendants knew or should have known that any false testimony given at a criminal proceeding would support and further the malicious prosecution of Josie.

30.  Nevertheless, Defendants testified falsely at Josie's grand jury hearing and criminal trial in furtherance of the malicious prosecution of her.

31.  Based on the aforementioned, Defendants Hayes, Meseck and Putrow directly and proximately played a significant role in causing the malicious prosecution of Josie under color of law and out of malice and/or in reckless disregard of her rights through the conduct and acts set forth above.

32.  In addition, Defendants Hayes, Meseck and Putrow acted extremely and outrageously as set forth above.

33. Defendants Hayes, Meseck and Putrow, out of malice and/or in reckless disregard of Josie's rights, acted intentionally and/or knowing that there was a high probability that their conduct and actions, as set forth above, would cause severe emotional distress to Josie.

34. Defendants Hayes, Meseck and Putrow's actions and conduct, as set forth above, did indeed inflict severe emotional distress on Josie.

35. Defendants Hayes, Meseck and Putrow's actions and conduct, as set forth above, proximately caused Josie's severe emotional distress.

36. As a direct result of the acts and conduct of Defendants Hayes, Meseck and Putrow, as set forth above, Josie suffered the above described damages; in addition, Josie was compelled to retain an attorney, attend numerous court hearings, defend herself at a criminal trial against charges that could result in a jail sentence of greater than one year, and suffered and continues to suffer, *inter alia*, severe mental and emotional distress, fear, anguish and humiliation which negatively affected Josie.

## CLAIM I

### (42 U.S.C. § 1983 Claim for False Arrest and Imprisonment)

37. Josie realleges paragraphs 1-36 with the same force and effect as if fully set forth herein.

38. The actions and conduct of Defendants Hayes, Meseck and Putrow, as set forth above, in falsely arresting Josie on January 25th, 2010 and imprisoning her from January 25th, 2010 to January 26th, 2010 under color of law and without probable cause violated her Fourth Amendment right to be free from unreasonable seizure and each individual Defendant should be held liable for doing so pursuant to 42 U.S.C. § 1983.

39. The actions and conduct of Defendants Hayes, Meseck and Putrow, as set forth above, were the direct and proximate cause of the violations of Josie's Fourth Amendment right and caused her severe mental and emotional distress, fear, anguish, humiliation and loss of liberty as set forth more fully above.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Josie demands actual or compensatory damages plus the costs of this action and attorneys' fees; in addition, she demands punitive damages because Defendants Hayes, Meseck and Putrow acted out of malice and/or in reckless disregard of her rights; and, she demands whatever additional relief this Court deems

equitable and just.

## CLAIM II

**(Pendent State Law Claim for Malicious Prosecution)**

40.  Josie realleges paragraphs 1 – 39.

41.  The actions and conduct of Defendants Hayes, Meseck and Putrow, as forth above, in the absence of probable cause and with malice proximately resulted in Josie suffering damages as set forth above; thereby, constituting the tort of malicious prosecution under the laws of the State of Illinois.

   WHEREFORE, Josie demands actual or compensatory damages plus the costs of this action and attorneys' fees; in addition, she demands punitive damages because Defendants Hayes, Meseck and Putrow acted out of malice and/or in reckless disregard of her rights; and, she demands whatever additional relief this Court deems equitable and just.

## CLAIM III

(**Pendent State Law Claim for Intentional Infliction of Emotional Distress**)

43.  Plaintiff realleges paragraphs 1 – 42.

44.  The actions and conduct of Defendants Hayes, Meseck and Putrow, as set forth above, were extreme and outrageous, done intentionally, or, alternatively, done with the knowledge that there was a high probability that their conduct and actions would inflict severe emotional distress to her, that their conduct and actions did indeed cause her to suffer extreme and severe emotional distress as set forth above, and their conduct and actions proximately caused her severe emotional distress; thereby, constituting the tort of intentional infliction of emotional distress under Illinois state law.

   WHEREFORE, Josie demands actual or compensatory damages plus the costs of this action and attorneys' fees; in addition, she demands punitive damages because Defendants Hayes, Meseck and Putrow acted out of malice and/or and in reckless disregard of her rights; and, she demands whatever additional relief this Court deems equitable and just.

## CLAIM IV

(**745 ILCS 10/9-102 Claim Against Defendant City of Chicago**)

45. Josie realleges paragraphs 1 – 44.

46. Defendant City of Chicago was the employer of Defendants Hayes, Meseck and Putrow at all times relevant to this complaint.

47. Defendants Hayes, Meseck and Putrow committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

WHEREFORE, Josie, pursuant to 745 ILCS 10/9-102, demands judgment against the Defendant City of Chicago in the amount awarded to her against Defendants Hayes and/or Meseck and/or Putrow as damages, attorneys' fees, costs and interest and/or for any settlement entered into between her and any Defendant and for whatever additional relief this Court deems equitable and just.

PLAINTIFF DEMANDS TRIAL BY A JURY.

Dated: March 2nd, 2011

Submitted by:
/s/ Melinda Power and Sandeep Basran
Attorneys for Plaintiff
Melinda Power and Sandeep Basran
West Town Community Law Office
2502 W. Division, Chicago, Illinois 60622
Tel: 773/278-6706     Fax: 773/278-0635