IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPHINE REGALADO | ) <br> ) <br> ) |
| Plaintiff, | ) |
| v. | ) <br> ) 11 C 1472 <br> ) |
| Chicago Police Officers TIMOTHY J. HAYES, #7308, JACK J. MESECK, #16664, MICHAEL G. PUTROW, #9758, and the CITY OF CHICAGO, a municipal corporation | ) Judge Virginia M. Kendall <br> ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Josephine Regalado ("Regalado") filed a Complaint against City of Chicago Police Officers Timothy J. Hayes, Jack J. Meseck, and Michael G. Putrow ("Defendants"), as well as against the City of Chicago. Regalado alleges that the individual Defendants violated her constitutional right against unlawful search and seizure and brings a claim against them under 42 U.S.C. § 1983 for false arrest and imprisonment. (Complaint at ¶¶ 37-39). Regalado also brings supplemental state-law claims against the individual Defendants for malicious prosecution and intentional infliction of emotional distress. (*Id*. at ¶¶ 40-44). In addition, Regalado brings a claim for damages against the City of Chicago under Illinois law 745 ILCS 10/9-102, The Local Government and Government Employees Tort Immunity Act. (*Id*. at ¶¶ 45-47). These state-law claims are before the Court pursuant to its grant of supplemental jurisdiction under 28 U.S.C. § 1367(a). Defendants move this Court to dismiss Regalado's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

1

For the reasons stated below, Defendants motion is granted in part and denied in part. Regalado's claim for intentional infliction of emotional distress is dismissed with prejudice; her remaining claims are not dismissed.

## I. The Facts

On January 25, 2010, Officers Hayes, Meseck and Putrow ("Defendants"), in their official capacities as City of Chicago Police officers, executed a search warrant at a third floor apartment at 3502 S. Halsted Street. (Complaint at ¶ 13). The apartment belonged to Joseph Ramirez, who was, at the time, in a romantic relationship with Regalado. (*Id*. at ¶ 12). As part of their relationship Regalado occasionally slept overnight at the apartment, including on the night of January 24th and into the following morning when the events that give rise to this suit occurred. (*Id*. at ¶ 12).

Once inside the apartment, Defendants discovered Regalado, alone, sleeping unclothed in the bed. (*Id*. at ¶ 13a). Upon execution of the search warrant, Defendants allegedly recovered from the bedroom a paper bag containing four clear plastic bags of cocaine. (*Id*. at ¶ 13b). The Defendants also allegedly discovered a gun loaded with a live round of ammunition on top of the dining room shelf and a clear plastic bag containing live rounds from the top of the dining room closet shelf. (*Id*. at ¶ 13c-d). Defendants allegedly discovered one plastic bag of cannabis and cocaine on the top of the fire place mantel and four bags of cannabis in the refrigerator. (*Id*. at ¶ 13d-e).After allegedly recovering all of the aforementioned contraband from the apartment, Defendants placed Regalado under arrest. (*Id*. at ¶ 13g).

Regalado was then transported to the Area 1 Chicago Police Station for processing. (*Id*. at ¶ 13h). Defendant Putrow generated an arrest report and Defendant Hayes signed a criminal complaint against Regalado. (*Id*. at ¶¶ 15-16). According to Regalado, Messeck and Putrow both

attested to and reported false and incomplete information regarding her in the official Chicago Police Department reports. (*Id*. at ¶ 28). This includes false information that Regalado lived at the third floor apartment of 3502 S. Halsted Street and that she retrieved clothing from inside the bedroom closet. (*Id.*). Bond was set at $25,000, and on January 26, 2010, Regalado was released from custody after posting a $2,500 bond. (*Id*. at ¶¶ 17-18).

A grand jury was convened and returned a six count indictment against Regalado. (*Id*. at ¶¶ 19-20). She was indicted for: (1) possession of a controlled substance with intent to deliver 100 to 400 grams of cocaine in violation of 720 ILCS 570/401(a)(2)(b); (2) possession of a controlled substance with intent to deliver 1 to 15 grams of cocaine in violation of 720 ILCS 570/401(c)(2); (3) possession of 30 to 500 grams of cannabis with intent to deliver in violation of 720 ILCS 550/5(d); and (4), three counts of unlawful use of a weapon by a felon in violation of 720 ILCS 5/24-1.1(a). (*Id*. at ¶ 20). A trial court for the Circuit Court of Cook County entered a verdict in favor of Regalado on all charges. (*Id* at ¶ 20-2)[1]. According to Regalado, Defendants gave false testimony during both the grand jury proceedings as well as at her trial. (*Id.* at ¶ 30).

Regalado alleges that the Defendants falsely arrested and detained her without probable cause in violation of her Fourth Amendment right against unreasonable search and seizure. (*Id*. at ¶¶ 23-24, 37-39). She further alleges that the Defendants allowed for, and participated in, a malicious prosecution of her. (*Id*. at ¶¶ 25-31, 40-41). Finally, Regalado claims that the acts of the Defendants amount to extreme and outrageous conduct which caused her severe emotional distress. (*Id*. at ¶¶ 32-35). Regalado also seeks indemnification from the City in the event that Defendants are held

---

[1] Regalado's Complaint appears to contain a typographical error insofar as two consecutive paragraphs are numbered 20. This error causes all of the following paragraphs to be off by one number. For the purposes of this opinion, and so as not to confuse the remaining paragraphs of the Complaint, the Court will refer to the first paragraph 20 as "¶ 20" and the second paragraph 20 as "¶ 20-2."

liable to, or settle with, Regalado. (*Id*. at ¶¶ 45-47). The Defendants moved to dismiss Regalado's Complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. The Standard of Review

When considering a Rule 12(b)(6) motion, the Court accepts as true all facts alleged in the complaint and construes all reasonable inferences in favor of the non-moving party. *See Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995). To properly state a valid claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true ... 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To determine whether a complaint meets this standard the "reviewing court [must] draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950. If the factual allegations are well-pleaded, the Court assumes their veracity and then turns to determine whether they plausibly give rise to an entitlement to relief. *See Id*. A claim has facial plausibility when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Id*. at 1949.

## III. Discussion

*A. False Arrest and Imprisonment Claim Under 42 U.S.C. § 1983*

Under 42 U.S.C. § 1983, a plaintiff may recover against municipal employees acting under color of state law if the employees deprived the plaintiff of a constitutional right. Regalado claims that the Defendants, operating under color of law, violated her Fourth Amendment right against

4

unreasonable search and seizure by arresting her without probable cause. U.S. Const. amend. IV. The existence of probable cause is an absolute bar against a § 1983 false arrest claim. *See Jackson v. Parker*, 627 F.3d 634, 638 (7th Cir. 2010). Probable cause to arrest exists when a police officer has knowledge of the facts and circumstances such that he would reasonably believe that an individual was committing, or had committed, a crime. *See United States v. Reed*, 443 F.3d 600, 603 (7th Cir. 2006). Probable cause to arrest under the Fourth Amendment exists if an objectively reasonable officer would believe that an individual was committing, or had committed, *any* criminal offense in his presence, no matter how minor that offense may be. *See Fox v. Hayes*, 600 F.3d 819, 837 (7th Cir. 2010) (citing *Devenpeck v. Alford*, 543 U.S. 146, 153-156 (2004)).

Police officers operating under color of law may be entitled to assert the defense of qualified immunity, and when they are it is another bar to liability in an action brought under § 1983. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). As the Seventh Circuit has noted "police officers performing discretionary functions—such as determining whether they have probable cause to arrest—enjoy qualified immunity from suit unless it would have been clear to a reasonable police officer that, given the situation she confronted, her conduct violated a constitutional right." *Pourghoraishi v. Flying J, Inc.,* 449 F.3d 751, 761 (7th Cir. 2006) (citing *Saucier v. Katz*, 533 U.S. 194 at 201 (2001)). Defendants are entitled to assert the defense of qualified immunity only if the law governing the constitutional right at issue was not clearly established at the time of the violation. *See Sparing v. Village of Olympia Fields,* 266 F.3d 684, 687-688 (7th Cir. 2001).

To succeed in a suit brought under 42 U.S.C. § 1983, a plaintiff must demonstrate two things: (1) that the plaintiff's rights were actually violated; and (2) that the law concerning the plaintiff's asserted right was clearly established at the time that the allegedly unconstitutional act occurred. *See*

*Pearson*, 555 U.S. at 231; *see also Katz*, 533 U.S. at 201. To determine whether the law was clearly established at the time of the challenged conduct, the court uses an objective criterion to assess whether a reasonably competent officer, similarly situated, would know that the conduct was unlawful. *See Pearson*, 555 U.S. at 231. The court then evaluates whether the alleged misconduct was objectively reasonable on the given set of facts. *See Id.*

Because Regalado did not have actual possession over any of the contraband that the Defendants recovered when they arrived at the scene and executed the warrant, Defendants argue that she had constructive possession over the contraband and that this possession gave rise to the requisite probable cause to arrest her. Regalado contends that the law of constructive possession was clearly established at the time, and that to have constructive possession over the contraband she must have had knowledge of the contraband and exclusive control over it, neither of which, she claims, she had. The Defendants argue that the law of constructive possession was not clearly established at the time of the arrest, and that they are therefore entitled to assert the defense of qualified immunity.

Where firearms and controlled substances are at issue, the accused is held to be a constructive possessor if she has dominion or control over the alleged contraband. *See United States v. Morris*, 576 F.3d 661, 667 (7th Cir. 2009). To have constructive possession something more than mere proximity is required: a nexus between the accused and the relevant items. *See Id.* Evidence of proximity plus a "substantial connection" to the location where the contraband is seized is sufficient to establish the nexus for constructive possession to exist. *See Id.* at 667. Thus, at the time of Regelado's arrest the law of constructive possession was clearly established; in order for Regalado

to have had constructive possession over the contraband she must have had some degree of dominion or control over them.

Either direct or circumstantial evidence of the accused's connection to the location of the search is admissible to show that probable cause existed for an officer to believe that the accused was a constructive possessor of the contraband. *See Morris*, 576 F.3d at 666. Knowledge of the contraband can be inferred by evidence suggesting that the defendant might know of the contraband's existence or from the location of the contraband relative to the defendant. *See People v. Besz* 802 N.E.2d 841, 849 (Ill. App. Ct. 2004) (holding that the defendant had constructive possession over drugs found in the room where the defendant was passed out from a drug overdose). The Seventh Circuit has held that in the case of joint occupancy, constructive possession can be inferred where the item was found in an area over which the defendant had some control, such as a common bedroom or garage. *See e.g., United States v. Moses*, 513 F.3d 727, 734 (7th Cir. 2008); *accord United States v. Alanis*, 265 F.3d 576, 592 (7th Cir. 2001). For example, in *Alanis*, the Seventh Circuit held that the defendant had constructive possession of a gun where it was found in his proximity and in a commonly shared room, despite the fact that he was not the owner of the gun. *See Alanis*, 265 F.3d at 592. In *United States v. Morris*, the Seventh Circuit held that a man who fled within the house from the location where drugs were found, made a statement about it being his house, and who had been seen at the house on several occasions, was a constructive possessor of the drugs found there. *See Morris*, 576 F.3d at 667. Compare that with another case in which the Seventh Circuit held that no substantial connection existed between the defendant and illegal drugs when the drugs were found in his niece's house and in a backpack that could not be attributed to him. *See United States v. Windom*, 19 F.3d 1190, 1200 (7th Cir. 1994). In yet another case, the Seventh

Circuit held that a substantial connection did not exist between the defendant and drugs found in a locked footlocker because the defendant did not possess the key to the footlocker and because his fingerprints were not found on it. *See United States v. Herrera*, 757 F.2d 144, 150 (7th Cir. 1985). The cases offer common factors that the police may use to assess whether an accused has constructive possession over criminal contraband that is recovered as the fruits of their search; one of which is the proximity of the defendant to the discovered items so as to show that the defendant knew of their existence and thus could exercise dominion or control over them. *See, e.g., Morris*, 576 F.3d at 667.

As the cases illustrate, where the items are nearby the accused and in common areas of a joint residence, constructive possession is more likely to exist. *See, e.g., Moses*, 513 F.3d at 734; *see also Alanis*, 265 F.3d at 592. Contraband that is hidden or out of view is more difficult to trace to a potential possessor without a showing that the accused had some further connection to the hiding place or to the contraband. *See, e.g., United States v. Herrera*, 757 F.2d 144, 150. In this case, the Defendants entered the premises to be searched and found a person sleeping in the bedroom. Additionally, Regalado states that she stayed at the apartment only occasionally and as such she would not be a joint occupant of the premises. Construing the Complaint most favorably to Regalado, it cannot even be said that she was a visitor with substantial regularity such as in *Morris*. *See Morris*, 576 F.3d at 667. On the facts pled in the Complaint it is clear that the police did not recover direct evidence that Regalado owned, leased or controlled the premises, such as mail addressed to her or her name on the door. The circumstantial evidence, viewed in the light most favorable to Regalado, demonstrates that she did not have knowledge or control over the contraband to make her a constructive possessor. Most of the contraband was found outside the bedroom where

8

Regalado was asleep. The gun that was allegedly found in the dining room was on a shelf and not in Regalado's view. Though her proximity to the drugs found in the bedroom is stronger, there is nothing in the Complaint to suggest that Regalado knew of them or that they were in plain view. Nor is there evidence to suggest that the drugs were not hidden out of sight or attributable only to Ramirez. Therefore, there is nothing beyond her mere proximity to support any finding of constructive possession. If the facts as asserted by Plaintiff are taken as true, as they must be at this stage, it cannot be said that the police made a valid arrest of Regalado supported by the requisite probable cause to believe that a crime had been, and was being, committed. Regalado's claim under § 1983 for false arrest is therefore not dismissed.

B. *Malicious Prosecution*

Under Illinois law, to make out a claim for malicious prosecution a plaintiff must prove (1) the commencement or continuance of an original proceeding by the defendants; (2) termination of the proceeding in the favor of the plaintiff; (3) lack of probable cause to support the proceeding; (4) malice on the part of the defendants; and (5) damages. *See Logan v. Caterpillar, Inc.*, 246 F.3d 912, 922 (7th Cir. 2001) (citing *Swick v. Liautaud*, 82 Ill.2d 40, 44 (Ill.1980)). Typically, the Defendants "commence" criminal judicial proceedings by filing a complaint. *See Fabiano v. City of Palos Hills*, 336 Ill.App.3d 635, 647 (Ill. App. Ct. 2002). Malice is proved by showing that the criminal proceeding was initiated as a result of improper motives. *See Id*. Although a lack of probable cause does not necessarily establish malice, such an inference may be made if credible evidence does not refute the inference. *Id.* at 651. Regalado is not required to plead all the elements of malicious prosecution in detail to survive a motion to dismiss. *See, e.g., Leal v. Kozlar*, 05 C 5744, 2006 WL 211809, at *2 (N.D. Ill. Jan. 23, 2006) (rejecting motion to dismiss on claim of malicious

prosecution where plaintiff generally alleged judicial proceedings were resolved "in a manner that indicated his innocence.").

Regalado's Complaint contains sufficient factual allegations to support a claim for malicious prosecution. The Defendants all participated in Regalado's prosecution, either by drafting the criminal complaint or testifying against her. In addition, Regalado was acquitted by a trial court. As has already been addressed, Regalado asserts that the Defendants did not have probable cause to support her arrest. There is evidence of malice in Regalado's Complaint where she states that the Defendants filed false and incomplete statements, including information asserting that she lived at 3502 S. Halsted and that her clothing was taken from the bedroom closet of the apartment. These facts suggest that the Defendants fabricated or misrepresented evidence to support finding probable cause existed in order to initiate a criminal proceeding against Regalado. These facts, coupled with Regalado's allegation of malice, are sufficient to support a claim of malicious prosecution. *See. e.g., Hughes v. Krause*, 06 C 5792, 2008 WL 904898, at *8 (N.D. Ill. Mar. 31, 2008) (finding allegation of malice not conclusory but supported by other factual allegations in complaint). Reading the Complaint in the light most favorable to Regalado, it is clear that she has alleged a cause of malicious prosecution that is sufficient to give rise to the view that she is plausibly entitled to relief from the Defendants.

C. *Intentional Infliction of Emotional Distress*

Under Illinois law, a claim for intentional infliction of emotional distress requires the plaintiff to prove that (1) the defendants' conduct was extreme and outrageous; (2) that the defendants knew there was a high likelihood that their conduct would cause severe emotional distress; and (3) that the conduct actually caused the plaintiff severe emotional distress. *See Swearnigen-El v. Cook County*

*Sheriff's Department*, 602 F.3d 852, 864 (7th Cir. 2010). To be considered extreme and outrageous, the defendants' conduct must be "so extreme as to go beyond all possible bounds of decency, and to be regarded as intolerable in a civilized community." *Kolegas v. Heftel Broadcasting Corp.,* 607 N.E.2d 201, 211 (Ill. 1992).

Regalado has not sufficiently pled facts that plausibly give rise to an entitlement of relief for intentional infliction of emotional distress. Regalado's claim is conclusory, and states nothing more than that the Defendants' conduct was extreme and outrageous. The facts that Regalado has pled do not amount to the type of conduct that is considered extreme and outrageous. *See, e.g., Fox v. Hayes*, 600 F.3d 819, 842-843 (7th Cir. 2010) (during interrogation of father of victim that was found sexually assaulted and killed, it was extreme and outrageous for officers to yell to the victim's mother that her husband committed the crime, was a liar, and never loved her or her daughter); *Daniels v. City of Chicago*, 920 F.Supp. 901, 904 (N.D. Ill. 1996) (refusing to dismiss a claim for intentional infliction of emotional distress where police broke into the wrong house to execute a search warrant and forced two unclothed adults to lie handcuffed on the floor at gun point for half an hour in front of their three year old son). Regalado's Complaint states the elements of intentional infliction of emotional distress without providing any factual support. Thus, Regalado's Complaint does not give rise to a plausible entitlement for relief because there is no factual content that allows the Court to draw a reasonable inference that the Defendants are liable for intentional infliction of emotional distress.

D. *Indemnity Against the City of Chicago*

Regalado's Complaint asserts a claim against the City of Chicago under 745 ILCS 10/9-102 for indemnification. Indemnification is applicable if the Defendants, while acting within the scope

11

of their employment, are liable for any of the claims asserted in Regalado's Complaint. *See Yang v. City of Chicago*, 137 F.3d 522, 526 (7th Cir. 1998). Regalado's Complaint alleges that the Defendants committed the acts complained of under color of state law and in the scope of their employment, and therefore Regalado has sufficiently pleaded her state law claim for indemnification. "[T]he majority of courts that have considered the issue have determined that there is no reason why a plaintiff should not be permitted to proceed with an indemnification claim under [745 ILCS] 10/9-102 before his actions against municipal employees are final." *Griffin v. Meagher*, 09 C 1477, 2009 WL 5174684 at *5 (N.D. Ill. Dec. 21, 2009) (collecting cases). As such, the Court denies the City of Chicago's attempt to remove itself from the case and denies Defendant's Motion to Dismiss the indemnity claim.

Regalado's request to amend her Complaint in the event that her claims are dismissed is denied. Although Rule 15(a)(2) of the Federal Rules of Civil Procedure provide that this Court "should freely give leave [to amend] when justice so requires," this Court maintains considerable discretion to deny a plaintiff leave to replead her Complaint when to do so would be futile, fail to cure the defect in the original Complaint or not survive a second motion to dismiss. *See Arlim-Golf, LLC v. Vill. of Arlington Heights* 631 F.3d 818, 823 (7th Cir. 2011). The decision to dismiss with prejudice and deny leave to amend is one that lies soundly in the discretion of this Court. *See Id.* Given this Court's opinion here, it is clear that any attempt by Regalado to amend the Complaint would be futile and could not survive a second motion to dismiss. The Defendants' conduct does not rise to the level of outrageousness required to support a claim for intentional infliction of emotional distress.

## IV. Conclusion

The Court grants in part and denies in part the Defendants' Motion to Dismiss. Count III of Regalado's Complaint, alleging intentional infliction of emotional distress is dismissed. The remaining counts of the Complaint survive the Motion to Dismiss.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: November 3, 2011