**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOSEPHINE REGALADO, | ) | No. 11 C 1472 |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge Tharp |
| v. | ) | |
| | ) | |
| Chicago Police Officers T.J.HAYES, # 7308, | ) | |
| J.J. MESECK, # 16664, M.G. PUTROW, | ) | |
| # 9758, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTIONS *IN LIMINE* NOs. 1 - 10

Defendant Officers Timothy Hayes, James Meseck, Michael Putrow, and the City of Chicago, by and through their attorney Christopher A. Wallace and Michael Pasquinelli, respectfully move the Court, *in limine*, as follows:

### 1) Motion to Bar Hearsay Conversation / Statements With Transport Officer.

Defendants anticipate that Plaintiff may testify regarding certain alleged conversations or discussions that took place on January 25, 2010, between her and the police officer who drove the transport vehicle. The transport officer was a uniformed police officer who did not participate in the execution of the search warrant in terms of entering the apartment and locating narcotics and/or other illegal items. The conversations at issue relate to statements allegedly made by the transport officer to Plaintiff while, according to her, she remained in the vehicle. Plaintiff claims this officer made statements to the effect of what "normally" happens when officers execute a search warrant. In addition, Defendants anticipate that Plaintiff may testify that this officer allegedly said that normally when officers go into a house where the target is not present but others persons are that the officers will let the person go once the target is found.

First, it is undisputed that this statement, if even made, did not come from any of the

Defendant officers in this case. Second, the statement is wholly irrelevant to the facts and issues in this case as this officer has no personal knowledge of the facts and circumstances relating to the execution of the warrant, the discovery of narcotics in this matter, or the basis for probable cause. Whatever opinions this officer has or statements about what "normally" occurs are completely irrelevant to the issues in this case. Further, any such statements made by the transport officer are inadmissible hearsay. Finally, allowing Plaintiff to interject the unsubstantiated statement of non-defendants would be unduly prejudicial to the Individual Defendants in this matter and should be barred pursuant to Rule 403 as the probative value, if any, is substantially outweighed by the danger of unfair prejudice to the defendants.

2) **Motion To Bar Evidence from Complaint Registers ("C.R."), Independent Police Review Authority Investigations ("IPRA"), and prior or pending lawsuits against the Defendant Officers.**

Defendants believe that Plaintiff will attempt to elicit testimony or otherwise introduce evidence relating to other instances of alleged misconduct against some or all of the Individual Defendants police officers in this litigation. This evidence would most likely be, but not necessarily limited to, two categories: (1) prior or pending lawsuits involving the Individual Defendants and (2) citizens' complaints or other disciplinary actions involving these officers, commonly referred to as CR files. Though Plaintiff has not listed any such 404(b) type witnesses in her proposed pre-trial order who have either made allegations of misconduct against certain Individual Defendants or allegedly bore witness to such alleged misconduct, Defendants did produce in discovery the officers' disciplinary history and certain CR files. As such, Plaintiff may seek to introduce as evidence the Individual Defendants' complaint histories, past CR files and allegations from other prior or pending lawsuits involving the officers. Individual Defendants move to bar the introduction of any CR files, and bar the reference to any past or pending litigation matters as evidence against the Individual Defendants in this case because it constitutes improper character evidence or propensity evidence

under Rule 404(b). Moreover, such evidence is irrelevant, hearsay, and any probative value it may have is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. See Fed. R. Evid. 402 and 403. In addition, Individual Defendants move to bar any witnesses not previously disclosed by Plaintiff as required by Rule 26.

## FACTUAL OVERVIEW

Josephine Regalado was arrested on January 25, 2010, following the execution of a search warrant at 3502 S. Halsted St., 3rd floor apartment. Officer Timothy Hayes, Officer Michael Putrow, and Officer Jack Meseck were three officers on the team that executed the search warrant. The target of the warrant was Joseph Ramirez, Plaintiff's then boyfriend. Plaintiff was the only person present when the warrant was executed. A substantial amount of cocaine was found in the bedroom where Plaintiff had been sleeping. In addition, cocaine and marijuana was found on the fireplace mantel in plain view, an unregistered handgun along with 23 live rounds of various caliber ammunition, drug ledgers, and a large amount of marijuana was also found in the apartment. Plaintiff was arrested and charged with possession of a controlled substance.

In this lawsuit, Plaintiff claims she was falsely arrested and subject to a malicious prosecution. Officers Hayes, Putrow and Meseck deny Plaintiff was arrested without probable cause or that she was subjected to a malicious prosecution. During the course of discovery conducted in this litigation, Plaintiff was given access to disciplinary histories and CR files containing allegations against the Individual Defendants.

### A. CR Evidence And Evidence Of Other Lawsuits Is Improper Character Evidence And Should Be Barred.

The sole purpose of CR evidence and any evidence regarding prior or pending lawsuits is to smear the Defendants with improper character and propensity evidence. See Fed.R.Evid. 404(b). Propensity evidence, however, is inadmissible to prove that a party acted on the occasion in question consistent with his alleged other bad act. Fed.R.Evid. 404(b); *see Huddleston v. U.S.*, 485 U.S. 681, 685

(1988); U.S. v. Shriver, 842 F.2d 968, 974 (7th Cir. 1988). Before evidence is allowed under Rule 404(b), the party seeking admission must satisfy the following requirements: (1) the proposed evidence must be directed toward establishing a matter in issue other than propensity; (2) the evidence must be similar enough and close enough in time to be relevant to the matter in issue; (3) the evidence must be sufficient to support a jury finding that the defendant actually committed the similar act; and (4) the probative value of the evidence must not be substantially outweighed by the danger of unfair prejudice. *U.S. v. Zapata*, 871 F.2d 616, 620 (7th Cir. 1989). Plaintiff's CR evidence and any evidence of prior or pending lawsuits does not satisfy the Zapata prerequisites for admissibility.

Such evidence servers no purpose other than propensity with the aim to convince the jury that it is more likely that Individual Defendants engaged in misconduct in this case because of other allegations of misconduct. This type of smear campaign is not permitted and such evidence should be barred. Fed.R.Evid. 404(b); *see also Okai v. Veruth*, 275 F.3d 606, 610-12 (7th Cir. 2001) (affirming exclusion of prison guard suspensions not relevant to matter in issue). Evidence of other alleged misconduct attributed to the Defendant Officers is not admissible to show they "'acted in conformity with that propensity on the occasion in question.'" *Anderson v. City of Chicago*, No. 09 C 2311, 2010 WL 4514828 at * 2 (N.D. Ill. Nov. 2, 2010) (St. Eve, J) (*quoting United States v. James*, 464 F.3d 699, 709 (7th Cir. 2006)) *see* Fed. R. Evid. 404(b). Other acts of alleged misconduct by Defendant Officers maybe admissible as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). In *Newsome v. James*, the defendant officers were being sued under §1983 and the defendant officers sought to bar evidence of prior bad acts that occurred in a previous case. No. 96 C 7680, 2000 WL 1047822 at *1 (N.D. Ill. July 27, 2000) (Plunkett, J.) The court granted their motion in limine and prevented introduction of the evidence. The court reasoned that the prior acts were inadmissible under 404(b).

*Id.* at \*3. The Court rejected the modus operandi argument, relying on *Treece. Id.* (Treece, 213 F.3d at 363 (Seventh Circuit held that for modus operandi to apply, the evidence must "bear a singular strong resemblance to the pattern.")). The court found that broad similarities with distinct differences, such as different arrestees and different crimes, could not support admission of the evidence under modus operandi. *Id.* at \*5. The Seventh Circuit affirmed a trial court's evidentiary ruling excluding prior complaints against the defendant officers in *Vukadinovich v. Zentz*, 995 F.2d 750, 755, 756 (7th Cir. 1993). There, the Court held that the trial court did not abuse its discretion in ruling that the prior complaints evidence was unfairly prejudicial. *Id.* at 756. The Court also held that to be admissible, such evidence must pertain to events similar to the events in the instant case. *Id.* (*citing Strauss v. City of Chicago*, 760 F.2d 765, 769 (7th Cir. 1985)). The prior complaints arose from dissimilar events and were filed for different reasons, and thus were unrelated to the instant case. *Id.*; *see also Anderson v. City of Chicago*, No. 09 C 2311, 2010 WL 4514828 (N.D. Ill. Nov. 2, 2010) (St. Eve, J.) (banned testimony about an incident that gave rise to defendant officers complaint register because it would not elicit anything but impermissible propensity evidence); *Gadison v. McGuire*, 09 C 0001, 2010 WL 346143 (N.D. Ill. Jan. 22, 2010) (Schenkier, M.J.) (granted defendant's motion in limine regarding complaint register files, including the underlying complaint register, complaint histories, or pending legal matters); *Akbar v. City of Chicago*, 06 C 3685, 2009 WL 3335364 (N.D. Ill. Oct. 14, 2009) (Gottchall, J.) (holding complaint registers against Chicago Police officers inadmissible); *Moore v. City of Chicago* No. 02 C 5130, 2008 WL 4549137 at \*5 (N.D. Ill. Apr. 15, 2008) (Moran, J.) (held unrelated complaint registers inadmissible because the files were impermissible character evidence and would result in trials within trials risking jury confusion); *Falk v. Clarke*, No 88 C 7293, 1990 WL 43581 (N.D. Ill. Apr. 3, 1990) (Lindberg) (barring use of prior allegation against officer because propensity evidence and unduly prejudicial). Therefore, all evidence and testimony regarding unrelated Complaint Registers, IPRA investigations, and lawsuits

involving Defendant Officers should be barred.

**B. CR Evidence and Other Prior or Pending Lawsuits Involving Individual Defendants Should Be Barred Pursuant To Rule 403.**

In addition to being improper character evidence, CR evidence should be excluded because any probative value they might offer to the liability of the Individual Defendants is overwhelmingly outweighed by the danger of unfair prejudice, confusion, and delay. Fed. R. Evid. 403; *see Zapata*, 871 F.2d at 620; *see also*, *Berkovich v. Hicks*, 922 F.2d 1018, 1022 (2nd Cir. 1991) (holding that the admission of evidence of other complaints against officers was irrelevant and overwhelmingly prejudicial to the defendant); *Lataille v. Ponte*, 754 F.2d 33, 34 (1st Cir. 1985) (prejudicial error to admit past disciplinary record).

Aside from the obvious and substantial risk of unfair prejudice posed by putting before the jury other allegations of misconduct, introduction will be confusing to the jury and cause unnecessarily trial delay. Individual Defendants would be forced to call rebuttal witnesses to refute the legitimacy of the accusations should such evidence be introduced. This could require literally dozens of additional witnesses that would give testimony at this trial. Individual Defendants would be forced to put on mini-trials in order to disprove allegations unrelated to the incident at issue and properly contextualize the accusations. This alone is a sufficient basis to exclude the other act witnesses. *Heflin v. City of Chicago*, 95 C 1990, 1996 WL 28238, at *1-2 (N.D. Ill. Jan. 22, 1996) (excluding evidence of prior complaints against defendant officers as determining the sufficiency of such evidence would require a "trial within a trial") (*quoting Jones v. Hammelman*, 869 F.2d 1023, 1027 (7th Cir. 1989). Admission of the "other acts" testimony, CR evidence, and other prior or pending lawsuits would require the jury to parse through the information and decide whether or not there is any merit to the accusations being made by the "other acts" witnesses and/or evidence, including taking into consideration the totality of the circumstances of those arrests. Rule 403 bars such evidence under these circumstances.

# CONCLUSION

At bottom, this is a simple case involving straight forward questions of fact relating to the arrest of Plaintiff on January 25, 2010. Plaintiff should not be permitted to turn this incident into a trial of other incidents of alleged misconduct by the three police officer defendants. CR Evidence and evidence of other prior or pending lawsuits against the Individual Defendants that Plaintiff seeks to introduce at trial should be barred because this evidence does not meet the prerequisites to admissibility under Fed.R.Evid. 404(b). In the alternative, this evidence should be barred pursuant to Rule 403.

**WHEREFORE**, Defendants respectfully request this Court grant this motion in limine and order that Plaintiff and his witnesses and attorneys be ordered not to mention, refer to, adduce, interrogate concerning, voluntarily answer, introduce any evidence concerning or attempt to convey to the jury at any time during these proceedings in any manner, directly or indirectly, the subject matter addressed within this motion, and that each counsel be instructed to warn and caution each and every witness under their control appearing in their litigation to strictly comply with the ruling of the Court.

**3) Motion In Limine To Bar Plaintiff From Presenting Evidence Regarding Violation of Any General Order, Regulation, or Directive.**

Defendants move the Court in limine to bar plaintiff from presenting evidence or arguing that a violation of internal police department directives, regulations, or general orders occurred by the Defendants or any other testifying police personnel, or suggesting that any officer may have breached or violated any Chicago Police Department directives, regulations or orders. Evidence or argument relating to the any alleged breach of any of the aforementioned is irrelevant to the Plaintiff's claims and, even if relevant, would be unduly prejudicial under Rule 403 of the Federal Rules of Evidence.

It is well-established that a violation of police regulations is "completely immaterial as to the question of whether a violation of the federal constitution has been established. *Thompson v. City of Chicago*, 472 F.3d 444, 454 (7th Cir. 2006). Furthermore, it is well-settled that the violation of a standard, rule, or regulation, in and of itself, does not constitute willful and wanton conduct. *Morton v. City of Chicago*, 676 N.E.2d 985, 992 (Ill. App. Ct. 1997). The violation of self-imposed rules or internal guidelines, such as general orders, does not normally impose a legal duty, let alone constitute evidence of willful and wanton conduct. *Blankenship v. Peoria Park District*, 269 Ill.App.3d 416, 422-23, 647 N.E.2d 287 (3rd Dist. 1995), and *Young v. Forgas*, 308 Ill.App.3d 553, 566, 720 N.E.2d 360, 369 (4th Dist. 1999)(*citing Dezort v. Village of Hinsdale*, 35 Ill.App.3d 703, 708 (1976)).

4) **Motion In Limine To Bar any Testimony, Evidence, Argument or Comments Regarding Other Events Concerning Allegations of Police Misconduct in the Media or any Other Forum.**

Allegations of misconduct by members of the Chicago Police Department often receive media coverage in the city's major newspapers, local news broadcasts and on the internet. The officers involved in this lawsuit have nothing to do with any of these publicized incidents. Defendants request that Plaintiff, his attorney(s) and witnesses be barred from mentioning, referring to, interrogating or questioning, introducing evidence of other alleged police misconduct that has received media attention.

5) **Motion to bar any reference to the fact of investigation, or lack thereof, related to any investigation by IAD or the Independent Police Review Authority of the incident at issue in this case.**

Plaintiff should be barred from mentioning any sort of investigation of any Complaint or the initiation of a Complaint Register or log, or lack thereof, relating to this case by CPD's Internal Affairs Department (IAD) and/or Independent Police Review Authority ("IPRA"), including barring Plaintiff's counsel from making any reference to an "internal investigation" or similar terms regarding the incident alleged in the complaint. Any reference to an IAD investigation, or inquiry by

IPRA, or lack thereof, into the allegations raised by this lawsuit is entirely irrelevant to this lawsuit, is prejudicial in that it could be used to suggest that the officers involved in Plaintiff's arrest did something wrong, and would confuse the jury as it may suggest that, if any investigation took place, it was only done because some sort of misconduct occurred. Reference to any internal investigation would unduly prejudice Defendants by creating an improper negative inference that he engaged in some form of wrong-doing bearing disciplinary scrutiny by internal agencies. *See Christmas v. City of Chicago*, 691 F. Supp. 2d 811, 819 (N.D. Ill. 2010) (barring evidence that OPS investigated the incident involving the plaintiffs); *Delgado v. Mak*, No. 06 C 3757, 2008 WL 4367458, at *2 (N.D. Ill. March 31, 2008) (finding that the potential prejudice from testimony regarding an internal affairs investigation substantially outweighed its probative value and barring this evidence); *Sallenger v. City of Springfield*, No. 03-3093, 2007 WL 2683791, at *1 (C.D. Ill. Sept. 4, 2007) (finding that evidence related to internal investigations, or lack thereof, and any outcome, was inadmissible as the probative value that the evidence may have is outweighed by the danger of unfair prejudice to Defendants if it were to be admitted as there was substantial risk of jury confusion or the possibility that the jury would base its decision on an improper basis).

6) **Motion to bar any testimony or evidence regarding indemnification by the City of Chicago.**

Any comment on indemnification by the City of Chicago should be precluded. Whether or not the City of Chicago indemnifies the Defendant officers is completely irrelevant to the issue of whether Plaintiff suffered a constitutional depravation.

It is undisputed that the City has agreed to indemnify the Defendants for any compensatory damages assessed against him in this case. Thus, the only reason to mention the City is to signal to the jury that "deep pockets" are available to pay any judgment. Evidence of indemnification against liability is inadmissible as irrelevant and highly prejudicial to the issue of liability. Fed. R. Evid. 411;

*Saunders v. City of Chicago*, 320 F. Supp. 2d 735, 738 (N.D. Ill. 2004) (barring evidence that might infer

that a judgment against the defendants might be paid out of the City's "deep pockets"); *Townsend v.*

*Benya*, 287 F. Supp. 2d 868, 874 (N.D. Ill. 2003) (barring mention of indemnification by the City as

the information is too prejudicial to survive the Rule 403 balancing test).

Here, reference to indemnification by the City might encourage the jurors to find for the

Plaintiff, regardless of the facts presented at trial, and can also lead jurors to inflate an award out of

sympathy or other irrelevant factors.  Accordingly, any reference to indemnification by the City must

be excluded.

7) **Motion to limit the trial testimony, opening statements and arguments to the crimes initiated by the Defendant Officers, and to bar any reference to the crimes subsequently filed by the State's Attorney's Office, based on the same evidence.**

Defendants seek to bar Plaintiffs from offering any testimony, evidence, argument or

innuendo relating to the charges filed by the State's Attorney's Office subsequent to Plaintiff's arrest

and initial charging on January 25, 2010.  Defendants seek to limit the testimony, evidence and

argument solely to the charges initially commenced by the Defendant Officers.  In Illinois, the

Office of the State's Attorney is empowered with the "exclusive discretion to decide which of

several charges shall be brought, or whether to prosecute at all."  *People v. Jamison*, 197 Ill.2d 135, 161,

756 N.E.2d 788 (2001).

Here, it is undisputed that Plaintiff was arrested and Officer Timothy Hayes signed a

criminal complaint against Plaintiff solely on the charge of unlawful possession of a controlled

substance.  However, subsequent thereto, the State's Attorney's Office elected to seek a Grand Jury

indictment against both Joseph Ramirez and Plaintiff, charging them with additional crimes in a joint

indictment, including possession of a controlled substance with intent to deliver based on the same

evidence.

As mentioned above, the Defendant Officers have no control over the Grand Jury Proceedings, and the charging decisions of the State's Attorney's Office. The issue for civil liability in this case is whether, based on the totality of the circumstances, a reasonably prudent officer would believe that Plaintiff had committed a crime. Moreover, Defendants' liability turns on whether or not probable cause exits for the charges filed against Plaintiff. Here, based on the facts and circumstances, the Defendant Officers arrested Plaintiff and she was subsequently charged on January 25, 2010, for unlawfully possessing the cocaine – not possessing a controlled substance with the intent to deliver. Only after the Cook County State's Attorney's Office elected to pursue charges through the Grand Jury was Plaintiff charged with additional and/or more serious crimes. Indeed, the record shows that Plaintiff was inadvertently charged, through no fault of Defendants, with unlawful possession of a firearm by a felon. Introduction of the Grand Jury proceedings would serve no purpose other than to unfairly prejudice defendants in this case as well as invite substantial jury confusion as to the issues of liability for the Defendant Officers. Thus, since Defendants are not legally accountable for the charging decisions of the State's Attorney, Plaintiff should not be permitted to elicit testimony, argue or comment that the defendant Officers arrested or charged Plaintiff with a crime subsequently filed by the State's Attorney's Office long after Plaintiff's arrest and under circumstances where Defendants had absolutely no role in such decisions.

Accordingly, Defendant's motion to bar any reference to criminal charges filed by the Grand Jury post arrest should be granted.

**8) Motion to bar any argument, innuendo, or comment by Plaintiff that probable cause did not exist to charge Plaintiff with the possession of the illicit substances because a second individual, Joseph Ramirez, was charged with possessing the same illicit substances.**

Defendants seek to bar Plaintiff from offering any testimony, evidence, argument, innuendo or comment by Plaintiff that probable cause did not exist to charge Plaintiff with possession of illicit

substances because the officers charged a second individual, Joseph Ramirez, with the possession of the same illicit substances.

The Defendants believe that Plaintiff may illicit testimony, and argue that probable cause did not exist to charge Plaintiff with the possession of illicit substances because a second individual was charged with possessing the same illicit substances that formed the basis of this prosecution.

However, any argument, innuendo, or comment that two persons cannot be charged with the possession of the same illicit substance is improper and a misstatement of the law. In Illinois, two persons can be charged and convicted for possessing the same illicit substances on a joint constructive possession theory. *People v. Embry*, 20 Ill.2d 331, 169 N.E.2d 767 (Ill. Sup. Ct. 1960); *see People v. Hill*, 589 N.E. 2d 1087, 1089 (Ill. App. 1st Dist. 1992)(recognizing that more than one person can be held criminally liable under a "joint possession" theory).

Accordingly, this court should preclude Plaintiff from making any argument or innuendo that two people cannot possess and be charged with possessing the same illicit substances.

9) **Motion to bar any argument, innuendo, or comment by Plaintiff that Defendants testified falsely before the Grand Jury.**

Defendants seek to bar Plaintiff from offering any testimony, evidence, argument, innuendo or comment by Plaintiff that Officers provided false, misleading, or otherwise untruthful testimony before the Grand Jury.

Defendants believe that the Plaintiff will argue or comment that Officers provided false or misleading testimony before the Grand Jury. However, both lay witnesses and police officers are absolutely immune from Section 1983 claims relating to their Grand Jury testimony. *Rehberg v. Paulk*, 123 S. Ct. 1497, 1505-6 (2012). Further, any argument or comment that a Defendant Officer testified falsely testimony before the Grand Jury requires inquiry into the substance of secretive testimony that cannot be disclosed absent a court order. 725 ILCS 5/112-6(c)(3);(d). *See In re*

*Extended March 1975 Grand Jury*, 84 Ill. App. 3d 847, 851, 405 N.E.2d 1176, 1179 (Ill. App. 1st Dist. 1980).

Accordingly, Plaintiffs should be precluded from eliciting any testimony or making any comment, argument or innuendo related to the substance of any witness's Grand Jury testimony.

**10) Motion to bar any argument, innuendo, or comment by Plaintiff that the Defendant Officers provided false and/ or misleading statements in their affidavit for Search warrant, or omitted material information either intentionally or with reckless disregard for the truth.**

Defendants seek to bar Plaintiff from offering testimony, evidence, argument, innuendo or comment by Plaintiff's that the Officers offered false or misleading information or omitted material information from the application for search warrant.

Defendants believe that Plaintiff will argue or comment on the above. However, Plaintiff's complaint does not include any constitutional claims arising from the application, issuance, or execution of the warrant.

Here, the underlying issue in the false arrest and malicious prosecution claims alleged against the officers is whether, based on the totality of the circumstances that existed during the warrant's execution, a reasonably prudent officer would believe that Plaintiff constructively possessed the illegal substances. Under the Federal Rules of Evidence, to be admissible, evidence must be relevant. Fed. R. Evid. 402. Evidence is relevant where it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

Accordingly, since the above evidence is irrelevant to the central issue to which the jury must decide, Plaintiff should be barred from introducing the same.

Dated: September 11th, 2012

*/s/ Michael J. A. Pasquinelli*
Michael Pasquinelli
Assistant Counsel
Federal Civil Rights Litigation Division
30 North LaSalle Street
Suite 900
Chicago, Illinois 60602
312-744-3283

*/s/ Christopher Wallace*
Christopher Wallace
Assistant Corporation Counsel
City of Chicago Department of Law
30 N. LaSalle St., Suite 900
Chicago, IL 60602
T: (312) 742-6408
F: (312) 744-6566
ARDC#: 6278655

## CERTIFICATE OF SERVICE

I, Christopher Wallace, certify that on Tuesday, September 11th, 2012, a copy of Defendants' Motions *In Limine* was served upon all parties of record by filing the same before the Court via the ECF system.

*/s/ Christopher Wallace*
Christopher Wallace